UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America, Civ. File No. 00-2598 (PAM/JGL)

Plaintiff,

v. **ORDER**

$14,600.00 in U.S. Currency,

Defendant.

---

This matter is before the Court on the Government's Motion for Default Judgment Against Tanisha Harbin-Sykes and All Unknown Persons and Entities as to $11,600.00 of the Defendant Currency and for Forfeiture of the $11,600.00 of the Defendant Currency to the Government. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

On May 24, 2000, Tanisha Harbin-Sykes attempted to travel from Minneapolis, Minnesota, to Los Angeles, California, on a one-way airline ticket purchased with cash. Police officers at Minneapolis-St. Paul International Airport engaged her in conversation, during which she consented to a pat-down search. That search revealed the Defendant currency in a swimsuit Ms. Harbin-Sykes was wearing under her clothing. Ms. Harbin-Sykes also gave the officers inconsistent information about the reasons for her trip to Minneapolis and the origin of the money.

MAR 2 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAR 2 5 2002
DEPUTY CLERK

The currency itself gave the officers cause to believe that it was related to drug trafficking. It was separated into $1,000 increments, and these increments were rubber-banded together. Moreover, a drug detection dog alerted to the presence of narcotics on the Defendant currency. Subsequently, the officers learned that while in Minnesota, Ms. Harbin-Sykes had stayed at a hotel close to the airport, and that during her stay, numerous persons not registered at the hotel were seen coming to and leaving from her room. All of this information is consistent with drug trafficking.

On December 7, 2000, a Warrant of Arrest and Notice In Rem was issued by the Clerk of Court to the United States Marshal, directing the Marshal to arrest the Defendant currency, serve all known persons and entities claiming an interest in the currency with a copy of the Summons, Complaint, and Warrant of Arrest, and give due notice to all known and unknown interested persons. On December 20, 2000, the Marshal arrested the currency and served a copy of the required information on Ms. Harbin-Sykes, through her attorney Bruce Rivers. A notice of the arrest and seizure of the Defendant currency was published in Finance and Commerce, a newspaper of general circulation in the District of Minnesota, on December 15, 22, and 29, 2000. On January 8, 2001, Ms. Harbin-Sykes filed a verified statement of interest in the Defendant currency and an answer to the Complaint for Forfeiture. No other verified statements of interest or answers to the Complaint for Forfeiture have been filed, and the time period for such statements or answers has expired.

On January 5, 2002, Ms. Harbin-Sykes and her attorney entered into a stipulation for settlement of claim with the Government. In that stipulation, Ms. Harbin-Sykes agreed to withdraw her claim to $11,600.00 of the Defendant currency, and consented to the entry of default judgment against her as to the $11,600.00 and to the forfeiture of the $11,600.00 to the Government. The Government agreed to return the remaining $3000.00 to Ms. Harbin-Sykes.

**DISCUSSION**

The Government seeks forfeiture under 21 U.S.C. § 881(a)(6). The Government must prove by a preponderance of the evidence that there is a connection between the property and illegal activity, in this case, drug trafficking. 18 U.S.C. § 983(c)(1). If the Government meets its burden, the burden then shifts to the claimant to prove by a preponderance of the evidence that he or she is an innocent owner or some other affirmative defense. Id. § 983(d)(1).

In United States v. $141,770.00 in U.S. Currency, 157 F.3d 600 (8th Cir. 1998), the court held that although a large amount of unexplained currency, standing alone, might be inadequate to support a forfeiture, the presence of unexplained currency coupled with other circumstantial evidence including the indications of a drug detection dog, the unusual packaging of the money, and the inconsistent statements of the person in control of the money were sufficient to support a forfeiture. These circumstances are all present in this case. The Government has produced an aggregate of circumstantial evidence sufficient to

meet its burden. Because the Government has met its burden, the burden shifts to any claimants to prove that the currency is not related to drug trafficking. The only known claimant, Ms. Harbin-Sykes, has relinquished her claim to $11,600.00 of the Defendant currency, and no other claims have been filed. Thus, the Government is entitled to default judgment and to forfeiture of $11,600.00 of the Defendant currency.

**CONCLUSION**

The Court finds that the Government has proved that it is entitled to forfeit $11,600.00 of the Defendant currency. Accordingly, **IT IS HEREBY ORDERED** that

1. The United States' Motion for Default Judgment Against Tanisha Harbin-Sykes and All Unknown Persons and Entities as to $11,600.00 of the Defendant Currency and for Forfeiture of $11,600.00 the Defendant Currency to the Government (Clerk Doc. No. 17) is **GRANTED**; and

    a. Default judgment is entered against Tanisha Harbin-Sykes and all unknown person and entities having an interest in $11,600.00 of the Defendant currency;

    b. All right, title, and interest of the defaulted persons and entities in $11,600.00 of the Defendant currency is forfeited to the United States, and no right, title, or interest in $11,600.00 of the Defendant currency shall exist in any other person or entity; and

c. $11,600.00 of the Defendant currency shall be disposed of by the United States in accordance with law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 23, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.